IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA CRUZ | * |
| | * |
| Plaintiff | * |
| | * Civil No. 97-2563(SEC) |
| v. | * Title VII – Sexual Harassment |
| | * |
| RADTEC, INC., et al. | * |
| | * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court is a motion for summary judgment filed by defendants Radtec, Inc. ("Radtec"), Frank Kremser III ("Kremser"), and Luis A. Colón Ballester ("Colón"), hereinafter "defendants" **(Docket #16)**. Plaintiffs filed an opposition thereto **(Docket #25)**, to which defendants filed a reply **(Docket #28)**. Upon examination of the relevant facts, the applicable law, and the arguments advanced by both parties, the Court finds that defendants' motion for summary judgment **(Docket #16)** should be **GRANTED** and the above-captioned action should be **DISMISSED**.

**Summary Judgment Standard**

The First Circuit has stated that:

> [s]ummary judgment has a special niche in civil litigation. Its role is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st Cir. 1993). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources.

McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). According to Fed. R. Civ. P.

**Civil No. 97-2563(SEC)**                                                                                              2

56(c), summary judgment should issue whenever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also NASCO, Inc. v. Public Storage, Inc., 29 F. 3d 28 (1st Cir. 1994). It is not enough to conjure up an alleged factual dispute between the parties; to defeat summary judgment, there must exist a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

For a dispute to be "genuine", there must be sufficient evidence for a reasonable trier of facts to resolve the issue in favor of the non-moving party. U.S. v. One Parcel of Real Property, 960 F.2d. 200, 204 (1st Cir. 1992). See also, Boston Athletic Assn. v. Sullivan, 867 F.2d 22, 24 (1st Cir.1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994).

In determining whether to grant a summary judgment, the Court may not, however, weigh the evidence. Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668 (1st Cir. 1994) Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." Id. citing Greenburg v. Puerto Rico Maritime Shipping Authority, 835 F.2d 932, 936 (1st Cir. 1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Casas Office Machines, 42 F.3d at 684.

While plaintiff filed an opposition to the motion for summary judgment, and purported to list

**Civil No. 97-2563(SEC)**                                                                 3

material facts which are in controversy so as to preclude summary judgment, she has failed to point to *bona fide* evidence to bolster her allegations. The only exhibit to the opposition to the motion for summary judgment is an unsworn declaration under penalty of perjury by the plaintiff. She neither disputes the facts presented by defendants as not being in controversy, nor bolsters her own conclusory allegations, with any reference to the record that may enable the Court to find that there is a true factual dispute. We find that under those circumstances, plaintiff has failed to comply with the so-called "anti-ferret rule"; that is, she has not presented a concise statement of material facts as to which there is a genuine issue to be tried, as required by Local Rule 311.12, which clearly requires that the separate statement of contested material facts must be "properly supported by specific evidence to the record". .[1]

This Court has previously expressed that "[w]hen a party opposing a motion for summary judgment fails to comply with [the foregoing] 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed... admitted." Méndez-Marrero v. Toledo, 968 F. Supp. 27 (D.P.R. 1997), referring to Domínguez v. Eli Lilly & Co., 958 F. Supp. 721, 727 (D.P.R. 1997). See also Tavarez v. Champion Products, Inc., 903 F. Supp. 268, 270 (D. P.R. 1995). Otherwise, the Court would be forced to search "through the entire record for evidence of genuine

---

[1] Local Rule 311.12 provides that:
> [u]pon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party. The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record.

**Civil No. 97-2563(SEC)** 4

issues of material fact which might preclude the entry of summary judgment." Méndez-Marrero, 968 F. Supp. at 34, referring to Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930-31 (1st Cir. 1983). Although the non-movant's failure to provide a statement of uncontested material facts does not automatically warrant the granting of summary judgment, "it launches the non-movant's case down the road towards an easy dismissal." Id.

Such is the scenario in the present case. Plaintiff has failed to properly oppose the present motion with the required documentation and reference to the record and has violated the anti-ferret rule. Accordingly, all material facts set forth in defendants' statement of undisputed material facts shall be deemed admitted. Rivas v. Federacion de Asociaciones Pecuarias, 929 F.2d 814, 816 n.2 (1st Cir. 1991); Laracuente v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st Cir. 1989). Thus, we need only examine whether given the facts, the movant is entitled to judgment as a matter of law.

**Factual Background**

As stated above, plaintiff failed to comply with Local Rule 311.12 and defendants' statement of uncontested material facts shall be deemed admitted.[2]

Plaintiff, María Cruz, filed the above-captioned action against her former employer Radtec, its President, Kremser, and its Comptroller, Colón. She asserts claims that she was subjected to

---

[2] We note for the record that plaintiff does not dispute that there was merely one incident in which she was approached by defendant in which he made lewd comments. All other vague references in her opposition to the motion for summary judgment as to defendant Colón's lewd looks and comments have absolutely no support in the record and cannot be construed as more that conclusory allegations, which are clearly insufficient to withstand a properly documented and supported motion for summary judgment. Furthermore, we add that plaintiff makes several references to a claim of retaliatory discharge against defendants; however, she provides absolutely no support on the record to either the alleged excellence of her work prior to her discharge or to defendant's alleged retaliatory actions against her for having reported the one recorded incident of sexual misconduct. The only documentation provided by plaintiff is a self-serving unsworn declaration under penalty of perjury, instead of providing either employment records, depositions of witnesses, or even the relevant portions of her own deposition, of which defendants include a portion. Thus, even if we were not to deem defendants' statement of uncontested facts as admitted, we find that plaintiff has failed to create a controversy of material facts that would preclude a grant of summary judgment in this instance.

AO 72A
(Rev.8/82)

**Civil No. 97-2563(SEC)**                                                                                                     5

sexual harassment due to a hostile work environment, and that she was fired in retaliation for having reported said incident of sexual harassment. She also has filed supplemental law claims pursuant to various employment and tort laws of the Commonwealth of Puerto Rico.

Plaintiff commenced her employment with Radtec on August 25, 1988, after Colón, through the Department of Labor of Puerto Rico, requested candidates to fill a vacancy in the administration department of the company. Among her duties were: (1) registration of the collection of money in the accounts receivable records; (2) preparation of payroll; (3) opening files of new personnel; (4) recording merchandise in the computer; (5) closing daily operations in the computer; (6) filing; and (7) other miscellaneous work pertaining to administration.

Plaintiff testified in her deposition that in June of 1995 there was an incident in which Colón approached her and asked her what a particular female employee did in order to have so many clients follow her. The incident occurred in Colón's office, with the door open. After asking her about that particular saleswoman, Colón proceeded to ask plaintiff whether she "sucked her husband because all young women did." Plaintiff refused to answer, and defendant continued to press her to answer the question, until the company's president, Kremser, entered the office, when she immediately left. The conversation ended at that point, and plaintiff admits that neither prior to June, 1995, nor after that time until her subsequent discharge, did Colón engage in any improper conduct toward her. Plaintiff's terms of employment were not affected, as in fact her compensation was raised in October of 1995, from $6.75/hour to $7.25/hour.

Defendants aver that plaintiff was fired in 1996 after she had received numerous warnings for neglect and lack of interest in her job. On February 15, 1994, she was given a written warning

**Civil No. 97-2563(SEC)** 6

for displaying a hostile attitude toward her co-workers, particularly Melissa Ortiz. She was also given another written warning for improper attitude following an incident in which her common-law husband, Francisco Feliciano, was reprimanded for having failed to hand in all the money collected the previous day, as was required by the company.

After substantial growth of the company, and having hired temporary employees from the Manpower agency, on March 11, 1996, Radtec hired Irene González, who assumed the following duties: (1) recording of merchandise; (2) opening of new employee files; and (3) filing. Irene González informed Radtec that plaintiff had put pressure on her to resign, and when she refused, plaintiff "became her enemy".

Defendants aver that shortly after Irene González was hired in March of 1996, plaintiff assumed a neglectful and disinterested attitude toward her job. Because of that, she was given an oral warning. Things did not improve after that, and plaintiff was given another oral warning because she had a backlog of nine days in the processing of collections for that month. In spite of the importance of preparing the payroll in a timely fashion so that it may be delivered to several employees in Cidra, Puerto Rico, plaintiff received a warning on August 15, 1996 for not having prepared the payroll on time.

In addition, defendants allege that plaintiff undertook a campaign to discredit Colón, and reported to Kremser that he was meeting with an ex-employee of the company, who was now Radtec's competitor. This turned out to be a false accusation that almost cost Colón his job at Radtec. That very afternoon, plaintiff went to Colón to inform him that the payroll had not been processed, that she was going home, and that he would have to do it himself.

**Civil No. 97-2563(SEC)** 7

An incident followed a month later when plaintiff's common-law husband attempted to overcharge the company for towing services that he had paid for related to the company van. Defendants aver that plaintiff was aware of the transaction, and when her common-law husband was found out, she proceeded to be very hostile toward Colón and to continue to discredit him at the company at any opportunity. On September 23, 1996, she was given another written warning for her performance during the months of July, August, and September of 1996, citing her lack of interest, negligence, and failure to keep the payroll up-to-date.

During almost the entire month of October, plaintiff was out sick; she returned to work in November of 1996. At that point in time, Radtec was in the middle of converting the payroll process so that employees would receive their checks via direct deposit. Plaintiff did not agree with this new method of processing the payroll, and began a campaign within the company to boycott this new payroll method.

By this date, defendants claim that they had sufficient evidence of plaintiff's negligence in the performance of her duties, and they discharged her on December 2, 1996.

**Applicable Law and Analysis – Title VII's proscription of sexual harassment due to a hostile work environment**

Title VII provides that:

> It shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex."

42 U.S.C. § 2000e-2(a)(1). Sexual harassment is a form of discrimination forbidden by Title VII. Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429, 436-37 (1st Cir. 1997).

The U.S. Supreme Court has made clear that Title VII "evinces a congressional intent to strike at the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) (internal citations omitted).

There are generally two recognized types of sexual harassment: quid pro quo harassment and harassment due to a hostile work environment. See Landrau-Romero v. Caribbean Restaurants, Inc., 14 F. Supp.2d 185, 189 (D.P.R. 1998). "In quid pro quo harassment, an employer conditions the granting of a job benefit on an employee's response to sexual overtures, or punishes the employee for refusing to comply." Id. Plaintiff does not advance that any terms of her employment were conditioned upon her response to any sexual overtures made by Colón; therefore, we shall not address the facts underlying her claim under a quid pro quo theory, but shall analyze them to determine if she has made out a case of harassment due to a hostile work environment.

To make out a claim of hostile work environment, a plaintiff must prove that:

(1) she belongs to a protected group;

(2) she was subjected to unwelcome sexual harassment;

(3) the harassment was based on sex;

(4) the harassment affected a term, condition, or privilege of employment; and

(5) the employer knew or should have known of the harassment and failed to take remedial action.

See Tosado Cotto v. General Accident Insurance Company of Puerto Rico, Limited, 975 F. Supp. 410, 414 (D.P.R. 1997); Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986).

AO 72A
(Rev.8/82)

**Civil No. 97-2563(SEC)**                                                                                          9

The Supreme Court has stated that "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Harris, 510 U.S. at 21 (internal citations omitted). In fleshing out what constitutes a hostile work environment, the Court stated that the standard set forth in Harris "takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." Id.

The Court has stated that "[t]his is not, and by its nature, cannot be, a mathematically precise test," Id., but courts should look at, among other things, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 23.

"The critical issue ... is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Oncale v. Sundowner Offshore Services, Incorporated, ___ U.S. ___, 118 S.Ct. 998, 1002, quoting Harris, 510 U.S. at 25 (Ginsburg, J., concurring). In furtherance of the requirement that the conduct at issue must be severe in order to be actionable under Title VII, the Court has stated that "the statute does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex. The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; *it forbids only behavior so objectively offensive as to alter the conditions of the victim's employment.*" Oncale, 118 S.Ct. at 1003 (emphasis added).

**Civil No. 97-2563(SEC)** 10

While the contours of what constitutes a hostile working environment must be evaluated on a case-by-case basis, "conduct which is merely overbearing or boorish will not, by itself, be sufficient to constitute a hostile work environment, unless there are underlying motives of a sexual or gender discriminatory motive." Cardona v. Aramark Services of Puerto Rico, 9 F. Supp.2d 92, 97 (D.P.R. 1998). Furthermore, "[w]hile an employee can demonstrate that there is a sexually hostile working environment without proving blatant sexual misconduct," Spain v. Gallegos, 26 F.3d 439, 447 (3d Cir. 1994), the conduct involved must be found offensive by a "reasonable person". That a person subjectively finds an environment abusive will not be sufficient, in and of itself, for a court to find that an employer violated the statute. See, e.g., Mullenix v. Forsyth Dental Infirmary for Children, 965 F. Supp. 120, 152 (D. Mass. 1996). Finally, "an offensive utterance alone would not give rise to a Title VII claim because it would not sufficiently affect the terms and conditions of the plaintiff's employment." Dey v. Colt Construction & Development Company, 28 F.3d 1446, 1456 (7th Cir. 1994).

In short, we must evaluate the incidents complained of by plaintiff to determine if they objectively comprise the severe conduct that creates a hostile working environment, as proscribed by Title VII.

It is clear to the Court that plaintiff has failed to state an actionable claim of sexual harassment for a hostile work environment. Courts have clearly held that a single offensive incident, such as the one claimed by plaintiff, will be insufficient to establish that a plaintiff was subjected to a hostile work environment. Colón's conduct was clearly deplorable; however, it is undisputed that this incident was an isolated one in plaintiff's eight years as an employee at Radtec. She admits that

Civil No. 97-2563(SEC)                                                                                                   11

there are no other incidents which she construed as constituting sexual harassment. Defendants are correct in their assertion that "the conduct complained of in this case was neither sufficiently severe nor sufficiently pervasive to amount to the type of conduct deemed to be actionable under Title VII..." **(Docket #16, Defendants' Memorandum of Law, at page 8).** We thus find that plaintiff has failed to state an actionable claim of sexual harassment under Title VII and this action should be **DISMISSED.**

**Supplemental Law Claims**

It is hornbook law that district courts have discretion to exercise supplemental jurisdiction over the state law claims where the state and federal claims derive from a common nucleus of operative facts. See, 28 U.S.C. §1367; United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Nevertheless, where, as here, the existing federal claims warrants dismissal prior to trial, the district court should decline to exercise supplemental jurisdiction.

Some courts have stated that the holding in Gibbs "seems clearly to require dismissal without action on the merits and without any exercise of discretion if all the federal claims ... are found to be short of trial, deficient." See, e.g., Snowden v. Millinocket Regional Hosp. 727 F. Supp. 701, 709 (D. Me. 1990). Such a result is warranted in view that "[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit". Newman v. Burgin, 930 F. 2d 955, 963 (1st Cir. 1991). See also Vera-Lozano v. International Broadcasting, 50 F.3d 67 (1st Cir. 1995).

Although district courts are not obligated to dismiss pendent state law claims, in the usual case in which the federal-law claim is dismissed before trial, the balance of factors to be considered

under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state law claims. In such a case, state-law claims should be dismissed. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 5 (1988); citing Gibbs 383 U.S. at 726-727; see Mercado-García v. Ponce Federal Bank, 979 F 2d 890, 896 (1st Cir. 1992); Rivera v. Murphy, 979 F. 2d 259, 264 (1st Cir. 1992); Figueroa Ruiz v. Alegría, 896 F. 2d 646 (1st Cir. 1990). In light of the above, plaintiff's supplemental law claims pursuant to Puerto Rico law will be dismissed without prejudice.

**Conclusion**

Pursuant to the above discussion, plaintiff's claims of sexual harassment under 42 U.S.C. 2000e-2(a)(1) shall be **DISMISSED**. Plaintiff's supplemental law claims under various laws of the Commonwealth of Puerto Rico shall be **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 1999.

SALVADOR E. CASELLAS
United States District Judge